UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SARA J. L.,<br><br>Plaintiff,<br><br>v.<br><br>ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 3:25-cv-05776-TLF<br><br>ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for supplemental security income ("SSI"). Under 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to the jurisdiction of a Magistrate Judge. Dkt. 3. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 1, Complaint.

Plaintiff applied for SSI on February 19, 2020, alleging disability as of the same date. AR 17. His[1] application was denied initially and upon reconsideration. *Id.* ALJ Mark Triplett held a hearing in November 2024 and found plaintiff not disabled. AR 17-32. The ALJ found plaintiff had the following severe impairments: degenerative disc disease; degenerative joint disease of knees and hip; depressive disorder; right shoulder degenerative joint disease; diffuse connective tissue disease; status post ankle

[1] Plaintiff uses he/him pronouns. AR 46.

pain; and chronic pain syndrome. AR 19. He found plaintiff could perform light work with exertional and non-exertional limitations. AR 22. Based on the testimony of a vocational expert, the ALJ found plaintiff could perform work existing in the national economy and was therefore not disabled. AR 30-31.

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

## DISCUSSION

### 1. Medical Evidence

Under the applicable regulations, the Commissioner "will not defer or give any specific evidentiary weight…to any medical opinion(s)…including those from [the claimant's] medical sources." 20 C.F.R. § 416.920c(a). The ALJ must nonetheless explain with specificity how he considered the factors of supportability and consistency in evaluating the medical opinions. 20 C.F.R. § 416.920(a)-(b); *Woods v. Kijakazi,* 32 F.4th 785, 792 (9th Cir. 2022). Supportability means the extent to which a medical

source supports their opinion by explaining the relevant medical evidence. *Woods,* 32 F.4th at 791-92. Consistency means the extent to which an opinion is consistent with the evidence from other medical and non-medical sources in the clam. *Id.* at 792. The ALJ cannot reject an opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Id.*

Plaintiff argues that the ALJ erred by rejecting the opinion of Dr. Coe. Dkt. 8 at 1. Dr. Coe, a consultative examiner, opined that plaintiff could lift or carry eight pounds occasionally and six pounds frequently; stand or walk for less than one hour in an eight-hour workday; sit for less than two hours in an eight-hour workday; and could not climb stairs or ladders or work in an area where falling more than a few inches would be acceptable. AR 709. The ALJ deemed Dr. Coe's opinion unpersuasive, finding that it overestimated the limiting effects of plaintiff's impairments. AR 27.

a. <u>Supportability</u>

The ALJ found Dr. Coe's examination did not support his opinion. AR 27. Plaintiff argues that the ALJ failed to explain why Dr. Coe's abnormal exam findings did not support his opinion. Dkt. 8 at 3. He also contends that the ALJ identified normal exam findings instead of explaining why he considered Dr. Coe's limitations to be extreme. *Id.*

Even when the ALJ explains his decision with "less than ideal clarity," the Court must uphold the ALJ's decision if his "path may reasonably be discerned." *Molina v. Astrue,* 674 F.3d 1104, 1121 (9th Cir. 2012). The ALJ is not required to recite any "magic words" to properly reject a medical opinion. *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) (holding that the Court may draw reasonable inferences where appropriate).

Here, Dr. Coe opined significant limitations on plaintiff's ability to stand, walk, and sit, which would preclude even sedentary work. AR 69, 709. Dr. Coe's abnormal findings focused on plaintiff's markedly limited range of motion in the right shoulder, but shoulder pain or limited range of motion does not support such limitations in standing, walking, or sitting. The Court is capable of making this inference from the ALJ's supportability finding; the ALJ did not need to specify that a person's shoulder is not involved in standing, walking, or sitting.

And, as noted by the ALJ, Dr. Coe's physical examination findings were largely normal – plaintiff had a normal gait, could stand on his heels and toes, squat, could get on and off the exam table (although getting on the table was difficult), walk without an assistive device, and perform tandem gait. AR 708. The Court can reasonably discern that the ALJ found such severe limitations on plaintiff's ability to sit, stand, and walk were unsupported by an exam that suggested no issues with any of these activities. *Magallanes,* 881 F.2d at 755.

The ALJ also found that Dr. Coe's reliance on information from plaintiff was an indication of unsupportability. AR 27. Yet, as plaintiff points out, Dr. Coe did not rely on subjective history in forming his opinion because Dr. Coe expressly stated that it was based on his exam findings and observations of plaintiff. Dkt. 8 at 3 (citing AR 709). Dr. Coe stated that plaintiff appeared to be "fairly or poorly reliable" and a "less than adequate historian". AR 704. As Dr. Coe's opinion expressly acknowledges that plaintiff's statements were unreliable, and that Dr. Coe based his examination on his own examination, this reason is not supported by substantial evidence.

<u>Consistency</u>

The ALJ found Dr. Coe's opinion inconsistent with the findings of other examinations in the record, which showed a greater level of function. AR 27 (citing AR 727, 828, 877, 882, 887, 894-95, 918). Plaintiff argues that the ALJ's citations do not detract from Dr. Coe's findings. Dkt. 8 at 4. Plaintiff contends that the examinations are brief and cursory and focus on findings unrelated to those made by Dr. Coe, such as plaintiff's ankle and ear pain. *Id.* Even so, these citations reflect the record as a whole, which is devoid of complaints of back pain, chronic pain syndrome, connective tissue disease, or any of the impairments alleged at the examination with Dr. Coe. *Garrison*, 759 F.3d at 1018 (the data points chosen by the ALJ to support his findings must constitute examples of a broader development). There are some medical records that discuss a knee injury but those documents are relating to plaintiff injuring a knee and ankle during the summer of 2023, and Dr. Coe's opinion was prepared February 1, 2021. The ALJ reasonably found the absence of such reports in the record inconsistent with Dr. Coe's opinion.

The ALJ also found Dr. Coe's opinion inconsistent with plaintiff's conservative treatment. AR 27. The ALJ cited his previous discussion of conservative treatment in relation to plaintiff's symptom testimony and did not repeat his analysis. *Id.* Yet that discussion focused on plaintiff's mental health treatment and did not touch on treatment of physical conditions. *See* AR 25. As the ALJ failed to discuss plaintiff's treatment for his alleged physical impairments, the Court cannot adequately review this reasoning. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (citing *Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir. 2003)) (holding that a reviewing court is "constrained to review the reasons the ALJ asserts."). That said, the ALJ has provided other reasons for

rejecting Dr. Coe's opinion which are supported by substantial evidence. Accordingly, any error in rejecting the opinion as inconsistent with conservative treatment is harmless. *See Stout v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1055 (9th Cir. 2006) (finding errors are harmless where they are inconsequential to the ultimate nondisability determination).

In sum, the ALJ's rejection of Dr. Coe's opinion was supported by substantial evidence.

## CONCLUSION

For those reasons, the Court concludes the ALJ properly determined plaintiff to be not disabled. Therefore, the ALJ's decision is affirmed.

Dated this 3rd day of September, 2026.

Theresa L. Fricke

Theresa L. Fricke
United States Magistrate Judge